UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN LYNDON BAPTISTE,<br><br>    Petitioner,<br><br>    vs.<br><br>DEBBIE ASUNCION, Warden,<br><br>    Respondent. | CASE NO. CV 16-1228-ODW (AGR)<br><br>ORDER TO SHOW CAUSE |

    The Court issues this Order To Show Cause directed to Petitioner because the face of the petition suggests that his challenge to his 2013 conviction may be time-barred.

    In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court. 28 U.S.C. § 2244(d)(1). In most cases, the limitations period commences on the date a petitioner's conviction became final. *Id.*

    The time spent in state court pursuing collateral relief in a timely manner is excluded, *see* 28 U.S.C. § 2244(d)(2), and the statute also is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 634 (2010).

    Petitioner indicates that he signed the current petition on February 17, 2016. From the face of the petition and from judicially-noticeable materials, the Court discerns as follows:

1  (a)  On December 13, 2013, a Los Angeles County Superior Court jury convicted Petitioner of two attempted murders and an attempted robbery. He was sentenced to prison for life, with the possibility of parole. Pet. ¶ 2.

(b)  Petitioner appealed. He contended that insufficient evidence supports his convictions. The California Court of Appeal ordered a correction to the abstract of judgment but otherwise affirmed on April 2, 2014. Pet. ¶ 3. On July 9, 2014, the California Supreme Court denied further direct review. Pet. ¶ 4.

(c)  It does not appear that Petitioner sought certiorari in the Supreme Court. Petitioner's conviction thus became final after the Supreme Court's 90-day period for doing so expired, on October 7, 2014. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999); Sup. Ct. R. 13.1 (generally allowing 90 days to file petition for certiorari). Petitioner's one-year AEDPA limitations period for commencing this action began to run at that time.

(d)  Over 11 months passed. On September 15, 2015, Petitioner indicates, he filed a habeas petition in the trial court, stopping the AEDPA clock with 22 days remaining. On December 9, 2015, the trial court denied the petition. Pet. ¶ 6(a). Petitioner does not indicate having filed any other state habeas challenges. *See* Pet. at 4. It appears the statute of limitations expired no later than January 4, 2016.[1]

(e)  Petitioner indicates he signed and mailed the Petition on February 17, 2016, after the limitations period ended.

\* \* \* \* \*

This action is time-barred unless equitable tolling applies. Absent such tolling, the action became stale no later than January 4, 2016.

"[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood

---

[1] January 1, 2016 was a holiday and occurred on a Friday.

1 in his way' and prevented timely filing." *Holland, supra,* 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  "The diligence required for equitable tolling purposes is "reasonable  diligence," not "maximum feasible diligence."  *Id.* at 653 (citations and quotation marks omitted).  The extraordinary circumstances must have been the cause of an untimely filing.  *Pace*, 544 U.S. at 418.  "[E]quitable tolling is available for this reason only when '"extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time"' and '"the extraordinary circumstances" were the *cause* of [the prisoner's] untimeliness.'"  *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citations omitted, emphasis in original).  There is no indication in the petition that Petitioner is entitled to equitable tolling.

**Accordingly, Petitioner shall show cause in writing why this action should not be dismissed as being barred by the one-year statute of limitations. Petitioner shall file his response to the Court's Order to Show Cause not later than March 30, 2016.**

**If Petitioner does not file a response within the time allowed, the action may be dismissed for failure to timely file, and for failure to prosecute.**

IT IS SO ORDERED.

DATED:  February 26, 2016

_____
ALICIA G. ROSENBERG
United States Magistrate Judge